UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ROMANE ALCINE,

        Petitioner,

v.                                Case No.  6:05-cv-1890-Orl-19JGG

SECRETARY, DEPARTMENT OF CORRECTIONS, ATTORNEY GENERAL, STATE OF FLORIDA,

        Respondents.
_____

**ORDER**

This case is before the Court on the following matters:

1.    Petitioner's computer printout, filed on **DECEMBER 22, 2005**, does not contain all the transactions in his prisoner for account for the three [3] months preceding the filing of his petition.  If there have not been any transactions in the prison account during this period, an authorized officer must state the following: "There have not been any deposits or withdrawals in this prisoner's account from the period from _____ to _____."  (Fill in the blanks).  Further, if Petitioner did not have a prison account for this period of time, an authorized officer must so inform the Court. Petitioner must submit a computer printout prepared by the institution, a bank ledger card prepared by the institution, a notarized statement by the prisoner, or a financial statement by an authorized officer of the institution containing all the transactions in his prisoner account for the period from **SEPTEMBER 22, 2005**, through **DECEMBER 22, 2005**, (the three [3] months

preceding the filing of the petition). The failure to do so within **TWENTY [20] DAYS** from the date of this Order will result in the dismissal of this action without further notice.

    2.      Petitioner has filed a Petition for Habeas Corpus Relief (Doc. No. 1, filed December 22, 2005), which incorporates a memorandum of law exceeding twenty pages in length. This is in violation of Local Rule 3.01(c).[1] The petition also fails to comply with Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts, which provides that a habeas petition "shall specify all the grounds for relief . . . and shall set forth in *summary form* the facts supporting each of the grounds thus specified." *See also Spaziano v. Singletary*, 36 F.3d 1028, 1031 n.2 (11th Cir. 1994)  ("Because of its prolixity, the petition filed in this case does not comply with that rule, and the district court could have struck it pursuant to Rule 2(e) . . ."), *cert. denied*. 513 U.S. 1115 (1995). Consequently, Petitioner's Petition for Habeas Corpus Relief (Doc. No. 1, filed December 22, 2005) is hereby **STRICKEN,** and it shall be removed from the record and returned to Petitioner by the Clerk of the Court.

Within twenty (20) days from the date of this Order, Petitioner shall refile his habeas petition on the appropriate habeas form, and as to each claim he shall set forth on the form itself a brief and concise description of the claim with supporting facts. Petitioner *should not* incorporate a memorandum of law into the habeas form. Within the same time-frame, Petitioner may file a *separate* memorandum of law providing legal argument in support of his claims, which memorandum of law shall not exceed twenty pages in length. The failure

---

[1] Petitioner executed the petition on December 14, 2005.

to *fully* comply with this Order may result in the dismissal of this action without further notice.

   **DONE AND ORDERED** at Orlando, Florida, this __3rd_____ day of January, 2006.

                  /s/ Patricia C. Fawsett
                  PATRICIA C. FAWSETT, CHIEF JUDGE
                  UNITED STATES DISTRICT COURT

Copies to:
pslc 12/30
Romane Alcine